[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15763
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00455-PRL

JOYCE D. HURST,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Joyce D. Hurst appeals a magistrate judge's order affirming the Commissioner's denial of her applications for disability insurance and Supplemental Security Income ("SSI") benefits.  Hurst suffered a stroke on September 29, 2007, which led to cardiac problems, mobility and pain issues, and psychological limitations.  Two of Hurst's symptoms included low ejection fractions and migraine headaches.  Both of these symptoms were addressed by Dr. Kenneth A. Sampong and Dr. Nagy Shanawany.  A psychological evaluation performed by Dr. Michael Hammonds found that Hurst was moderately limited in 9 out of 20 areas, and stated that she had a moderate limitation in her ability to maintain concentration, persistence, and pace.  Dr. Hammonds stated that Hurst could not complete detailed tasks, should have infrequent contact with coworkers and the general public, and should be supervised directly in a nonconfrontational manner, but he concluded that Hurst was capable of completing simple tasks with no limits.

The Administrative Law Judge ("ALJ") determined that Hurst had a severe combination of impairments but that they did not meet or equal a Listing in the Social Security regulations.  For Hurst's residual functional capacity, the ALJ concluded that Hurst: (1) could perform sedentary work with the ability to occasionally climb, stoop, balance, crouch, kneel, and crawl; (2) could not climb ladders, ropes, and scaffolds; (3) needed to avoid concentrated exposure to extreme

cold and heat, noise, vibrations, and hazards; (4) could perform simple, routine, repetitive tasks; (5) needed to avoid frequent contact with others; and (6) could only cope with infrequent, gradual changes in her work environment.

Based on the residual functional capacity, the ALJ posed a hypothetical question to a vocational expert ("VE") about an individual with the following characteristics: (1) was between the ages of 45 and 48 with Hurst's education and past relevant work; (2) could perform light work; (3) could occasionally climb, stoop, balance, crouch, kneel, and crawl; (3) should avoid concentrated exposure to extreme heat, cold, noise, vibration, and hazards; (4) could perform simple, routine, repetitive tasks; (5) should not work frequently with others; and (6) should have infrequent and gradual changes in the work environment. After the ALJ amended the hypothetical to limit the individual to sedentary work, the VE testified that the hypothetical individual could work as a system monitor or addressing clerk, both unskilled positions. The ALJ found that Hurst was capable of performing other jobs and denied her application.

On appeal, Hurst argues that the ALJ failed to consider evidence regarding her low ejection fractions and migraine headaches in determining whether she had a severe impairment or combination of impairments. She asserts that, in light of the ALJ's failure to consider all of her medical conditions, substantial evidence did not support the ALJ's determination that she had the residual functional capacity to

3

perform sedentary work with some additional non-exertional limitations. She also contends that the ALJ's hypothetical question to the VE was improper because it did not adequately account for her psychological limitations. After careful review, we affirm.

We review *de novo* the magistrate's determination of whether substantial evidence supports the ALJ's decision. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). We review the decision of the ALJ as the Commissioner's final decision where, as here, the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the resulting decision only to determine whether it is supported by substantial evidence. *Id.*

In order to determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential evaluation. 20 C.F.R. § 404.1520(a). This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform her past relevant work, in light of her residual functional capacity; and (5) can make an adjustment to other work, in light of her residual functional capacity, age, education, and work experience. *Id.*

4

§ 404.1520(a)(4).  The claimant bears the burden of proving her disability.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

As to the fifth prong, the Commissioner bears the burden of showing that, in light of the claimant's residual functional capacity and other factors, a significant number of jobs that the claimant can perform exist in the national economy.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011); 20 C.F.R. § 404.1520(a)(4)(v).  If such jobs exist, then the claimant is not disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(v).  An ALJ may make this determination by posing hypothetical questions to a VE.  *See Winschel*, 631 F.3d at 1180.  An ALJ may rely solely on the testimony of a VE in making this determination.  *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999).  For the testimony of a VE to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Id.* at 1229.  We have previously stated that where medical evidence demonstrated that a claimant could engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, a hypothetical including only unskilled work sufficiently accounted for the limitations.  *See Winschel*, 631 F.3d at 1180 ("([W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded

that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.")

Hurst's first two arguments are unavailing because the ALJ specifically reviewed and addressed the medical opinions and records of Dr. Sampong and Dr. Shanawany, which addressed Hurst's low ejection fractions and migraine headaches. Although the ALJ did not explicitly include these symptoms in its list of impairments, his assignment of weight to, and discussion of, the evidence demonstrates that he accounted for these symptoms in concluding that Hurst had a severe combination of impairments and in determining her residual functional capacity. Dr. Sampong oversaw a significant amount of Hurst's cardiac treatment, and his medical reports included discussion of her ejection fractions and EKG results. On multiple occasions, including the most recent follow-up appointments, Dr. Sampong stated that Hurst's cardiac status was stable, that her overall physical examination was normal, and that her cardiomyopathy was non-ischemic and asymptomatic. Dr. Shanawany also performed physical examinations of Hurst and concluded that she had limited flexibility in her left extremities and that she displayed a mildly antalgic gait. Dr. Shanawany noted that Hurst complained of short-term memory loss, headaches, chest pain, and shortness of breath. The ALJ specifically discussed some of these facts, cited to Hurst's medical records, and afforded the opinions of these doctors weight. *See Dyer v. Barnhart*, 395 F.3d

6

1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . . ."). Accordingly, Hurst's contention that her residual functional capacity was not supported by substantial evidence because it did not account for her low ejection fractions and migraine headaches is not supported by the record.

Finally, because the medical evidence showed that Hurst was capable of completing simple tasks and the ALJ's hypothetical to the VE specified that the individual was capable of simple, routine, repetitive tasks, the hypothetical "sufficiently accounts" for Hurst's moderate limitation in maintaining concentration, persistence, and pace. *See Winschel*, 631 F.3d at 1180.

Hurst's arguments are not supported by the record, and we affirm.

AFFIRMED.

7